**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

HAVEN SMITH,

      Plaintiff,

-vs-                                      Case No.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, a foreign corporation,

      Defendant.

_____

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, Tony L. Atterbury and Jay H. Sizemore, of Brad Pistotnik Law, P.A. and for her claims against the Defendant, alleges and states:

1. The Plaintiff is a resident of Kansas.

2. This Court has proper venue and jurisdiction over the persons and subject matter.

3. Defendant, Allstate Fire and Casualty Insurance Company (Allstate) transacts business in Kansas, is a foreign corporation with a principal place of business in Northbrook, Illinois and may be served with process through the office of the Kansas Insurance Commissioner at 420 S.W. 9th, Topeka, Kansas 66612-1678.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. On or about the 23rd day of November, 2017 the Plaintiff was a passenger in a vehicle traveling southbound on Edwards at or near the intersection of Maple, in Wichita, Sedgwick County, Kansas, when the underinsured motorist, Brandon Hopper, who was traveling

eastbound on Maple, negligently, wantonly and carelessly failed to yield right-of-way and ran a red light, thereby proximately causing a collision with two other vehicles including the one the Plaintiff was a passenger in which resulted in damages and injuries to the Plaintiff.

6. The impact was so hard, that the vehicle the Plaintiff was a passenger in at the time of the collision rolled and landed upside down.

7. The actions and omissions of the underinsured motorist are negligent, wanton and careless for the following reasons:

   A) Failing to stop or yield right-of-way for a red traffic control device or red light;

   B) Operation of a motor vehicle at a speed too fast for the then existing traffic conditions of moving traffic and a red light;

   C) Failure to keep a proper lookout;

   D) Inattentive operation of a motor vehicle;

   E) Failure to warn;

   F) Failure to take evasive action;

   G) Careless driving;

   H) Upon information and belief operation of a motor vehicle while distracted and texting, dialing, or looking at a map location on a cellular phone contrary to the instructions in the Kansas Driving Handbook that warns drivers to not use cellular phones and other devices while operating their motor vehicle;

   I) Upon information and belief, violation of K.S.A. 8-15,111 which places a duty upon drivers not to use cellular devices while operating a motor vehicle and which requires that no person shall operate a vehicle while using a wireless communication device to write, send or read a written communication by

>    typing, sending or reading a written communication, including, but not limited to a text message, instant message or electronic mail.
>
> J) Violation of Kansas State Statutes and the City of Wichita ordinances, and other statutes, laws and ordinances that relate to the operation of motor vehicles;
>
> K) Other negligent actions and omissions, which will be supplemented after discovery.

8. The drivers of the other two vehicles involved in the accident, Sarah Thummel and Julia Ayala provided written statements confirming that the underinsured motorist ran the red light at a high rate of speed in his Ford Mustang and caused the collision.

9. The underinsured motorist received a ticket for running the red light and was issued citation no. 16M033421. Upon information and belief the underinsured motorist paid the ticket making an admission against interest and pled guilty.

10. As a further direct and proximate result of the negligence, wantonness and carelessness of the underinsured motorist, Plaintiff has received injuries including but not limited to her neck, back, shoulders, contusion on the dorsum of the her left foot and right elbow, disc bulge at C6-C7, had a traumatic brain injury and required ongoing ECG/EEG testing and treatment from a neurologist; had a decline in Executive Function and other long term brain injuries including axon damage, memory loss, decision making loss, had a reduction in cognitive response times, developed headaches, has blurry vision, has problems with sleeping, fatigue, lethargy, and other impairments. She also suffered pain to her left jaw at the TMJ as well hearing issues in the left ear. She has underwent months of treatment including a lumbar epidural injection; may have had aggravation to a pre-existing condition, and was otherwise injured. The Plaintiff has been damaged with pain and suffering, mental

anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future the Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, the Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

11. The Plaintiff was riding was a passenger in a vehicle owned and operated by Julia Ayala.

12. Since the Plaintiff was a passenger in Julia Ayala's vehicle, she is an insured under Julia Ayala's policy with Allstate (policy no. 000810586106) and is entitled to benefits from the underinsured motorist coverage that provides one hundred thousand dollars ($100,000.00) of underinsured motorist coverage per person plus other benefits under policy number .

13. The underinsured motorist had a policy with Progressive Insurance that provided liability limits of $25,000.00 per person/$50,000.00 per accident.

14. Excluding the underinsured motorist there were four people injured in the accident. Progressive Insurance tendered its policy limits in the amount of $50,000.00 which was then divided between the four injured parties. The Plaintiff's portion of the $50,000.00 was $21,000.00.

15. The Plaintiff made a demand on Allstate pursuant to K.S.A. 40-284(f) asking for permission to settle for $21,000.00 as her proportionate share of the policy limits and for permission to release the underinsured motorist carrier and his insurance carrier. The certified letter requesting such permission was received by Allstate on July 26, 2018.

16. Allstate provided permission to settle with the underinsured motorist and accept the $21,000.00 as her proportionate share of the policy limits being tendered and waived its

4

claim for PIP subrogation on July 25, 2018. A copy of Allstate's letter setting forth the same is attached as **Exhibit A.**

17. More than sixty days have expired since Allstate received the demand by Plaintiff.

18. Plaintiff has complied completely with all requirements of K.S.A. 40-284(f).

19. Allstate at the time this this lawsuit was filed only offered to settle the underinsured motorist claim for $16,00.00.  A copy of the letter conveying this offer is attached as **Exhibit B.**

20. The Plaintiff's damages are not duplicative of any Personal Injury Protection benefits that have been or may be paid.

21. The policy purchased by Julia Ayala is a full coverage policy.

22. The Plaintiff has made a demand on Defendant to pay the insurance benefits and the Defendant has without just cause or excuse refused to tender the remaining limits of the underinsured motorist coverage which are $79,000.00. Allstate has refused to make a reasonable settlement offer to Plaintiff under the terms of the underinsured motorist coverage and has refused to pay without just cause or excuse. Pursuant to K.S.A. 40-256, the Plaintiff is entitled to attorney fees.

23. The policies of insurance available to Plaintiff and this motor vehicle are policies given to insure property in this state against loss by fire, tornado, lighting or hail, and as such, the Plaintiffs are allowed mandatory attorney fees pursuant to K.S.A. 40-908.

WHEREFORE, the Plaintiff prays for judgment against Defendant in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, for attorney fees pursuant to K.S.A. 40-256, for attorney fees pursuant to K.S.A. 40-908, and for such other and further relief as the Court deems just and equitable.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314
Jay H. Sizemore, #20395
10111 E. 21st Street North, Suite 204
Wichita, KS 67206
316-684-4400/ Fax: 316-684-4405
tony@BradPistotnikLaw.com
Jay@BradPistotnikLaw.com

## **DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL**

COMES NOW the Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## **DESIGNATION FOR PLACE OF TRIAL**

COMES NOW the Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314
Jay H. Sizemore, #20395
10111 E. 21st Street North, Suite 204
Wichita, KS 67206
316-684-4400/ Fax: 316-684-4405
tony@BradPistotnikLaw.com
Jay@BradPistotnikLaw.com